IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL PAUL EAGAR,<br><br>       Plaintiff,<br><br>vs.<br><br>DENNIS DRAKE, JAMES EARDLEY, ALAN GARDNER, and JAMES CRISP,<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER**<br>   • **GRANTING [6] DEFENDANTS' MOTION TO DISMISS**<br>   • **DISMISSING THIS CASE AGAINST DENNIS DRAKE, JAMES EARDLEY, AND ALAN GARDNER WITH PREJUDICE**<br><br>Case No. 4:19-cv-00061-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Plaintiff Michael Paul Eagar ("Plaintiff") brings this action against defendants, former Washington County Commissioners Dennis Drake, James Eardley, and Alan Gardner (collectively the "County Defendants"), and former federal employee James Crisp, alleging regulatory takings and trespass claims. The County Defendants filed the Motion to Dismiss ("the Motion")[1] under Fed R. Civ. P. 12(b)(6) seeking to dismiss the causes of action against them with prejudice.

Briefing on the Motion is complete. Having reviewed these materials, it is determined under DUCivR 7-1(f) that oral argument is not necessary, and the Motion can be decided on the

---

[1] County Defendants' Motion to Dismiss, docket no. 6, filed August 15, 2019.

briefing along. As set forth in the following memorandum decision and order, the Motion is GRANTED.

## BACKGROUND

The present action is Plaintiff's attempt to relitigate matters decided in a previous action. On April 9, 2018, Plaintiff filed a complaint[2] in the United States District Court of the District of Utah: case no. 4:18-cv-00012-DN-DBP ("Prior Case"). The Prior Case named the County Defendants; James Crisp; Brian Tritle; Jimmie Tyree; the Bureau of Land Management; and Ryan Zinke as Defendants and raised takings and trespass causes of action.

On May 17, 2018, the County Defendants filed a motion to dismiss[3] on the grounds that Plaintiff's takings and trespass claims were untimely under the applicable statutes of limitations. United States Magistrate Judge Dustin B. Pead issued a report and recommendation[4] on January 8, 2019, recommending that the County Defendants' motion be granted and that Plaintiff's claims against them be dismissed with prejudice. My memorandum decision and order[5] of March 7, 2019, adopted the report's recommendation and granted County Defendants' motion, thereby dismissing the Plaintiff's claims against the County Defendants with prejudice. Judgment was entered[6], and Plaintiff *did not* file a notice of appeal.

---

[2] Plaintiff's Complaint, ECF No. 1 in 4:18-cv-00012-DN-DBP, filed April 9, 2018.

[3] County Defendants' Motion to Dismiss, ECF No. 12 in 4:18-cv-00012-DN-DBP, filed May 17, 2018.

[4] Report and Recommendation at 11, ECF No. 34 in 4:18-cv-00012-DN-DBP, filed January 8, 2019.

[5] Memorandum Decision and Order at 5; 7, ECF No. 40 in 4:18-cv-00012-DN-DBP, filed March 7, 2019.

[6] Judgment, ECF No. 41 in 4:18-cv-00012-DN-DBP, filed March 7, 2019.

Plaintiff thereafter filed a complaint[7] on June 28, 2019, in the St. George, Utah Fifth District Court, case No. 190500340, against County Defendants and James Crisp once again alleging takings and trespass causes of action. Like the Prior Case, Plaintiff alleged that the creation of the Red Cliffs Desert Reserve in 1996 and the Red Cliffs National Conservation Area in 2009 negatively affected Plaintiff's mining claims.

Plaintiff's case was subsequently removed to this court and assigned case no. 4:19-cv-00061-DN-PK ("Second Case")[8] In the Motion, the County Defendants argue that Plaintiff's taking and trespass claims in this Second Suit are barred by claim preclusion.

## STANDARD OF REVIEW

Dismissal is appropriate under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[9] Each cause of action must be supported by enough sufficient, well-pleaded facts to be plausible on its face.[10] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[11] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[12]

---

[7] Plaintiff's Complaint, docket no. 2-1, filed August 15, 2019.

[8] Defendant Crisp's Notice of Removal of State Court Action, docket no. 2, filed August 15, 2019.

[9] Fed. R. Civ. P. 12(b)(6).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[11] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

**ANALYSIS**

The County Defendants argue that the doctrine of claim preclusion bars Plaintiff from

bringing his takings and trespass claims in this Second Case because he raised these issues in his

Prior Case.[13] In the Tenth Circuit, "the doctrine of claim preclusion prevents the parties or their

privies from relitigating issues that were or could have been raised in an earlier action."[14] This

doctrine applies when there is "(1) a judgment on the merits in the earlier action; (2) identity of

the parties or their privies in both suits; and (3) identity of the cause of action in both suits."[15]

All three requirements are met here. First, the Prior Case ended with a judgment on the

merits. Plaintiff's claims against County Defendants in the Prior Case were dismissed with

prejudice. A Civil Judgment was entered. Plaintiff did not timely appeal.

Next, the County Defendants named in this Second Case (three former Washington

County Commissioners: Dennis Drake, James Eardley, and Alan Gardner) were named

defendants in the Prior Case.

Finally, the causes of action raised against the County Defendants in this Second Case—

takings and trespass causes of action—are the same as those brought against the County

Defendants in the Prior Case. The takings and trespass causes of action in both of these cases are

based on Plaintiff's allegations associated with the 1996 formation of the Red Cliffs Desert

Reserve and the 2009 creation of the Red Cliffs National Conservation Area and their effect on

---

[13] Motion at 4-5.

[14] *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000).

[15] *Id.*

his mining claims. There is identity between the causes of action alleged against County Defendants in the two suits.

The causes of action Plaintiff raises in this Second Case were raised in his Prior Case. Under the doctrine of claim preclusion, Plaintiff is prevented from relitigating them. The Motion is granted and Plaintiff's causes action against the County Defendants are dismissed with prejudice.

## ORDER

IT IS HEREBY ORDERED that the Motion[16] is GRANTED. Plaintiff's causes of action against Dennis Drake, James Eardley, and Alan Gardner are DISMISSED with prejudice.

Signed April 10, 2020

BY THE COURT

David Nuffer
United States District Judge

---

[16] County Defendants' Motion to Dismiss, docket no. 6, filed August 15, 2019.